**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DUKE ANTHONY WALKER,                )
                                    )
              **Petitioner,**     )   Case No.   CV 14-6092-CBM(AJW)
                                    )
v.                                  )
                                    )
J. SOTO, WARDEN,                    )   MEMORANDUM AND ORDER
                                    )   DISMISSING PETITION
              **Respondent.**     )
_____)

    In 1995, petitioner was convicted of one count of first degree residential robbery and one count of possession of cocaine. As a result of his prior serious felony convictions, petitioner was sentenced to two terms of 25 years to life, plus fifteen years. [Petition at 2]. In 1998, he filed a petition for a writ of habeas corpus in this Court challenging his 1995 conviction. Case No. CV 98-7647-CBM(AJW). The petition was dismissed with prejudice on October 26, 1998. Petitioner did not appeal.

    Petitioner filed the present petition for a writ of habeas corpus on August 4, 2014. Like the petition previously filed by petitioner, it challenges petitioner's 1995 conviction in the Los Angeles County Superior Court. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds for relief as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground for relief unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition,[1] this Court lacks jurisdiction

---

[1]  Petitioner may have intended to file this petition in the Court of Appeals. Attached to the petition is a memorandum in support of an application for leave to file a second or successive petition as well as a partially completed application for leave to file a second or successive petition on the Ninth Circuit forms. It does not appear, however, that petitioner ever filed these documents in the Ninth Circuit. Nothing in this order precludes petitioner from doing so.

to consider it.  Accordingly, the petition for a writ of habeas corpus
is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  8/7/14

Consuelo B. Marshall
United States District Judge